UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MARY JO MERRITT,

      Plaintiff,      MEMORANDUM & ORDER

  -against-          Civil Action No. 2:15-CV-05937

AIRBUS AMERICAS, Inc. and
AIRBUS, S.A.S. (AVSA)

      Defendants.
---------------------------------------------------------x

**A P P E A R A N C E S :**

**For the Plaintiff:**
**Richard J. Merritt**
2 Birs Avenue
Lindenhurst, NY 11757

**For the Defendants:**
**Arnold & Porter LLP**
700 Louisiana Street
Suite 1600
Houston, TX 77002
By: Thad T. Dameris, Esq.
   Amanda S. Thomson, Esq.
   Anthony D. Boccanfuso, Esq.
   David J. Weiner, Esq.

**HURLEY, Senior District Judge:**

  Plaintiff Mary Jo Merritt ("Plaintiff" or "Merritt") brings this action against Airbus Americas, Inc. ("AAI"), and Airbus S.A.S., Inc. ("Airbus S.A.S."), (collectively, "Defendants"), for damages based on personal injury. Presently before the Court are AAI's motion to dismiss the action and Airbus S.A.S.'s motion to dismiss, both based on lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2). For the reasons set forth below, both motions to dismiss are granted.

1

## BACKGROUND

Plaintiff Mary Jo Merritt worked as a flight attendant for United Airlines, Inc. ("UAI" or "United Airlines") and was based in JFK airport, Jamaica, New York. (Am. Compl. ¶ 11.) According to Plaintiff, on September 27, 2014, she was assigned to work on UAI flight #517 ("flight #517"), an Airbus A320S aircraft ("the Aircraft"), scheduled to fly from Boston, Logan Airport ("BOS") to Washington Dulles Airport ("IAD"). (*Id.* ¶¶ 11; 31.)

During flight #517, Plaintiff attempted to stow her emergency demonstration equipment in the designated compartment below one of two jump seats, located side-by-side, onboard the Aircraft. (*Id.* ¶¶ 20-21.) During this process, Plaintiff's co-flight attendant stood up from the second jump seat, causing that jump seat to retract, striking Plaintiff in the face and knocking her backward against the bulkhead (*Id.* ¶¶ 21-23.) As a result, Plaintiff suffered severe head trauma, a concussion, and permanent brain injury. (*Id.* ¶ 23.)

Defendant AAI and Defendant Airbus S.A.S. are "affiliated corporations" who are "in the business of selling and leasing aircraft along with performing services related to repair and maintenance and technical support of aircraft operating in all 50 states of the United States of America." (*Id.* ¶¶ 4, 6.) AAI is a Delaware Corporation with its principal place of business in Herndon, Virginia. (*Id.* ¶ 5.) Airbus S.A.S. is a French company with its principal place of business in France. (Def. Airbus S.A.S.'s Mem. in Supp. at 14-15.)

Plaintiff alleges that Defendants leased the Aircraft to UAI. (*Id.* ¶ 12.) She also alleges that the Defendants "designed and installed [the] jump seats on the A320S aircraft . . . in a careless, reckless and negligent manner," resulting in her injuries. (*Id.* ¶ 18.)

**DISCUSSION**

**I. Legal Standards**

    A.    **Motion to Dismiss Pursuant to Rule 12(b)(2)**

On a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing jurisdiction over the defendant. *See Metro. Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1996). Where, as here, the parties have not yet conducted discovery, plaintiff may defeat defendant's Rule 12(b)(2) motion "by making a prima facie showing of jurisdiction by way of the complaint's allegations, affidavits, and other supporting evidence." *Mortg. Funding Corp. v. Boyer Lake Pointe, L.C.,* 379 F. Supp. 2d 282, 285 (E.D.N.Y.2005). Moreover, given the early stage of the proceedings here, the Court must view the pleadings in a light most favorable to the plaintiff, *see Sills v. The Ronald Reagan Presidential Found., Inc.,* 2009 WL 1490852, *5 (S.D.N.Y. May 27, 2009), and when evidence is presented, "doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party," *A.I. Trade Fin., Inc. v. Petra Bank,* 989 F.2d 76, 80 (2d Cir. 1993). However, the Court is not bound by conclusory statements, without supporting facts. *Jazini v. Nissan Motor Co. Ltd.,* 148 F.3d 181, 185 (2d Cir. 1998).

    **B. Personal Jurisdiction**

In a diversity case, a federal district court exercises personal jurisdiction over a party in accordance with the law of the forum state, subject to the requirements of due process under the United States Constitution. *See Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). In New York, courts may exercise either general or specific jurisdiction over defendants. Pursuant to general jurisdiction, courts in New York

can adjudicate *all* claims against an individual or a corporation, even those unrelated to its contacts with the state. *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014). "[G]eneral jurisdiction [over a corporation] exists only when a corporation's contacts with [New York] are so continuous and systematic as to render [it] essentially at home" in New York. *See id.* (internal quotation marks and citations omitted). The existence of specific jurisdiction, however, "depends on an affiliation between the forum [state] and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and citations omitted). C.P.L.R. § 302(a), New York's "long-arm" statute, allows for specific jurisdiction over non-domiciliaries and provides as follows:

> [A] court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state . . . or (3) commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state.

## *II. Plaintiff Has Not Sufficiently Demonstrated Personal Jurisdiction Over AAI*

With respect to AAI, Plaintiff argues only that AAI is subject to specific jurisdiction, relying solely on §§ 302(a)(1) and (a)(3), despite incorrectly labeling (a)(3)

4

as (a)(2). Accordingly, the Court shall limit its discussion to those provisions, discussing each one in turn.

*Analysis Under CPLR § 302(a)(1)*

To extend personal jurisdiction to any nonresident under Section 302(a)(1), two conditions must be satisfied. First, the nonresident must have "purposely availed [himself] of the privilege of conducting activities within New York and thereby invoke[ ] the benefits and protections of its laws." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999) (internal quotation marks and citation omitted). Second, there must be a "substantial nexus" between the business transacted in the state of New York and the cause of action. *Beeney v. InSightec, Inc.,* 2014 WL 3610941, at *2 (S.D.N.Y. 2014). "Ultimately, the analysis must focus on the nature and quality of the individual defendant's contact with the forum and whether such contact has a strong relationship to the claims based on the totality of the circumstances." *Id.* at *3.

Plaintiff's attempt to satisfy these two conditions fails. Plaintiff's allegations in the Amended Complaint that AAI "regularly conducts business in the State of New York" (Am. Compl. ¶ 5) is no more than a legal conclusion insufficient on its own to establish jurisdiction. Moreover, Plaintiff's argument that Airbus's internet advertisements in America, not New York specifically, give rise to personal jurisdiction is unavailing. Courts in the Second Circuit have stated that advertising, even if specifically directed at New York residents, cannot support jurisdiction under 302(a)(1) unless the advertisement is "supplemented by business transactions occurring in the state . . . or . . . accompanied by a fair measure of the defendant's permanence and continuity in New York which establishes a New York presence." (Def. AAI's Reply Mem. in Supp.

at 3-4) (quoting *A.W.L.I. Group, Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 566 (E.D.N.Y. 2011); *Erikson Prods., Inc. v. Atherton Trust*, 2013 WL 1163346, *4 (S.D.N.Y. Mar. 20, 2013)). Instead of presenting evidence of AAI's supplemental business or permanence and continuity in New York, Plaintiff argues that jurisdiction should not be "limited to state borders," especially "while AAI internet publications and communications now travel at the speed of light to every country on the planet." (Pl.'s Mem. in Opp'n. to AAI at 4.) But, the internet's existence and AAI's use of it to advertise are not sufficient to subject AAI to personal jurisdiction.

Finally, Plaintiff attempts to satisfy its prima facie burden by alleging that AAI had knowledge that A320S aircraft would be operated into and out of airports in the United States, including airports in New York. (Am. Compl. ¶ 7.) However, even assuming this allegation in the light most favorable to the Plaintiff, she has not provided the Court with any argument as to whether there is a "substantial nexus" between her cause of action and AAI's alleged contacts with New York. Here Plaintiff fails to allege where her cause of action arose, other than that the injury occurred some time between taking off in Boston and landing at IAD. Moreover, she has failed to demonstrate any relationship between her alleged injuries and the State of New York. As a result, she has not met her burden with respect to CPLR § 302(a)(1).

*Analysis under CPLR § 302(a)(3)*

To establish a prima facie showing of jurisdiction under CPLR 302(a)(3), Plaintiff must show that (1) AAI committed a tortious act outside of New York that serves as the basis for her claim; (2) the act caused injury in New York; (3) AAI should have foreseen that its conduct would have consequences in New York; and (4) AAI derives substantial

6

revenue from interstate commerce. *See Merck Eprova AG v. Gnosis S.P.A.*, 2008 WL 5336587, *3 (S.D.N.Y. Dec. 12, 2008).

"'[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" *Whitaker*, 261 F.3d at 209 (quoting *Bank Brussels Lambert*, 171 F.3d at 791). "'[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff.'" *Id.* (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)).

As discussed above, according to Plaintiff, her injury occurred while she was performing her flight attendant duties on flight #517 from Boston, Massachusetts to Dulles Airport. (Am. Compl. ¶¶ 31-32.) Plaintiff does not allege that her injury occurred in any particular state, let alone New York.[1] As a result, Plaintiff has not made out a prima facie case of jurisdiction pursuant to 302(a)(3).

Since Plaintiff has not met her burden with regard to New York's long arm statute, the Court need not analyze whether due process requirements are met.

## *II. Plaintiff Has Not Sufficiently Demonstrated Personal Jurisdiction Over Airbus S.A.S.*

---

[1] Even construing the facts in a light most favorable to Plaintiff, the situs of injury does not seem to be New York because Plaintiff alleges that her injury occurred while she was stowing her emergency demonstration equipment and in her opposition to Airbus S.A.S.'s motion states that "[f]light attendants are compelled to demonstrate this equipment *prior* to every takeoff and required to store demonstration equipment *quickly*." (Pl.'s Mem. in Opp'n. to Airbus S.A.S. at 7 (emphasis added).) Thus, according to Plaintiff's own assertions, the situs of injury would likely be in or near Boston, not New York.

Here, as with respect to AAI, Plaintiff appears to rely solely on §§ 302(a)(1) and (a)(3) as a basis for personal jurisdiction. Accordingly, the Court shall limit its discussion to those provisions, discussing each one in turn.

*Analysis Under CPLR § 302(a)(1)*

According to the Amended Complaint, Defendant Airbus S.A.S., "transact[s] business in the United States and in the State of New York." (Am. Compl. ¶ 8.) However, jurisdiction pursuant to CPLR § 302(a)(1) cannot be founded upon such a conclusory statement without sufficient supporting facts, of which Plaintiff has provided none. Once again, she relies upon Airbus advertisements in the United States to support jurisdiction under the transacting business portion of CPLR § 302(a)(1), but fails to provide facts suggesting that these advertisements were specifically directed at New York, that any supplemental business transactions occurred in New York, or that Airbus S.A.S. maintained "permanence or continuity" in New York. Moreover, as with AAI above, Plaintiff does not allege that Airbus S.A.S. entered into any business transactions in New York related to her cause of action. Furthermore, as discussed above, Plaintiff does not allege that her injuries were in any way connected to New York.[2]

Plaintiff's argument that the "'[c]ontracts anywhere to supply goods' [portion of CPLR § 302(a)(1)] . . . should apply to [an] Airbus lease agreement to supply 100 A320 aircraft to United Airlines" is similarly unavailing as she fails to explain New York's

---

[2] Plaintiff states that "[f]oreseeability dating back to the days of *Palsgraff* should be the deciding factor" of personal jurisdiction, (Pl.'s Mem. in Opp'n to Airbus S.A.S. at 8), but does not explain what forseeable act in this case gives rise to jurisdiction. Nevertheless, as the Supreme Court has noted, "foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *See World-Wide Volkswagen*, 444 U.S. 286, 295 (1980) (internal quotation marks and citations omitted).

connection to the alleged lease. (Pl.'s Mem. in Opp'n. to Airbus S.A.S. at 7.) Similarly, the allegation that Airbus S.A.S. "spent $150 billion in the United States" in transactions with companies that have offices in New York is not a basis for jurisdiction. (*Id*. at 5-6.) Simply having contact with companies that have offices in New York does not subject Airbus S.A.S. to jurisdiction in New York. As a result, Plaintiff's argument under § 302(a)(1) fails.[3]

*Analysis Under CPLR § 302(a)(3)*

As discussed above, Plaintiff has not presented any facts suggesting that her injury took place in New York. Therefore, she has not established a prima facie case of jurisdiction pursuant to C.P.L.R. § 302(a)(3). *See Mareno*, 910 F.2d at 1046.

Since Plaintiff has not met her burden with respect to the long-arm statute, the Court need not analyze whether due process requirements are met.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss for lack of personal jurisdiction are granted. The clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York

August 22, 2016 _____/s/_____

Denis R. Hurley

United States District Judge

---

[3] Plaintiff mentions various international aviation treaties, but provides no argument as to how these treaties relate to or establish jurisdiction over Airbus S.A.S.